UNITED STATES of America,
Plaintiff—Appellee,

v.

Andrew ACOSTA, Defendant—
Appellant.

No. 08–10290.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed May 13, 2009.

John Robert Lopez, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip Edward Hantel, Esquire, Phoenix, AZ, for Defendant–Appellant.

Before: SILER,* KLEINFELD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Andrew Acosta appeals his conviction and sentence for robbing the same bank twice in twelve days. We affirm.

■ Acosta challenges the sufficiency of the evidence showing that the bank was federally insured. "The law is clear that the uncontradicted testimony of a bank employee on the issue of FDIC insurance is sufficient to support a jury's finding of that element." *United States v. Ware,* 416 F.3d 1118, 1121 n. 2 (9th Cir.2005) (citations omitted). The testimony here was uncontradicted; the defense only objected to the witness's knowledge of the audit reports.

■ The district judge did not abuse her discretion in denying Acosta's for cause challenge to venireman 22, because her answers and demeanor demonstrated she could be impartial. *United States v. Alexander,* 48 F.3d 1477, 1484 (9th Cir.

1995). Venireman 22's unequivocal and honest statements preclude a finding of implied bias. *Smith v. Phillips,* 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Fields v. Brown,* 503 F.3d 755, 773–75 (9th Cir.2007) (en banc). Furthermore, she was no longer employed by Bank of America and had not been for four years. *Compare United States v. Allsup,* 566 F.2d 68, 71–72 (9th Cir.1977).

■ The district court did not abuse its discretion in denying a mistrial, because the prosecutor's gesture was ambiguous and we should not infer that the jury leapt to the most damaging interpretation of it. *United States v. Leon–Reyes,* 177 F.3d 816, 822–23 (9th Cir.1999).

The district court also did not abuse its discretion in admitting the identifications of Acosta's former boss and probation officer. Both had sufficient contact to develop familiarity with his appearance, which had changed by the time of trial. The district court properly limited any potential prejudice by forbidding them to reveal Acosta's status as a probationer. *See United States v. Beck,* 418 F.3d 1008, 1013–14 (9th Cir.2005).

■ Having the sentence run partially concurrent to, and partially consecutive with, Acosta's undischarged term of imprisonment for a different bank robbery was not an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). The district court considered the § 3553(a) factors, the length of the undischarged sentence, and other appropriate circumstances. *See* U.S.S.G. § 5G1.3 cmt. n. 3.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court did not err in sentencing Acosta as a career offender. U.S.S.G. § 4B1.1. The sentencing colloquy and the record of conviction of the 1992 Arizona drug offense show that Acosta pleaded to conspiracy to sell narcotic drugs. This is a controlled substance offense. *See United States v. Hernandez–Valdovinos,* 352 F.3d 1243, 1247–48 (9th Cir.2003).

Finally, because we find no errors in the district court's decisions, the cumulative error doctrine does not apply. *United States v. Jeremiah,* 493 F.3d 1042, 1047 (9th Cir.2007).

**AFFIRMED.**